UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:

                                      Chapter 13

SION LESLIE MITRANY,                   Case No. 08-40034-ess

                Debtor.

-------------------------------------------------------------x

## MEMORANDUM DECISION ON MOTION FOR RELIEF FROM STAY

Appearances:

David Berger, Esq.                                     Sion Leslie Mitrany
Tenenbaum & Berger, L.L.P.                    *Debtor, pro se*
26 Court Street, Penthouse
Brooklyn, New York 11242
*Attorney for Movant Aydenmaya Realty, LLC*

**HONORABLE ELIZABETH S. STONG**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is the motion of Aydenmaya Realty, LLC (the "Movant") for relief from the automatic stay pursuant to Section 362 of Title 11 of the United States Code (the "Bankruptcy Code") in the above-captioned bankruptcy case.

## JURISDICTION

This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 1334(b), 157(b)(1), and 157(b)(2)(G).

## BACKGROUND

On January 3, 2008 (the "Petition Date"), Sion Leslie Mitrany, the debtor in the above-captioned case (the "Debtor") filed a petition for relief under Chapter 13 of the Bankruptcy Code. Docket No. 1. On February 6, 2008, the Movant filed a motion seeking an order granting the

Movant relief from the automatic stay pursuant to Section 362(d) of the Bankruptcy Code with respect to the property at 153 Garfield Place, Apartment 2R, Brooklyn, NY 11215 (the "Premises") (the "Stay Relief Motion"). Docket No. 18.

On February 6, 2008, the Movant also filed an Affirmation in Support of Motion for Vacatur of Automatic Stay, sworn to on February 4, 2008 (the "Affirmation in Support"), and an Affidavit in Support of Motion for Vacatur of Automatic Stay, sworn to on January 30, 2008 (the "Affidavit in Support"). Docket No. 18. The Affirmation in Support states that, among other things, the Movant's interest in the Premises is not adequately protected because the Movant "is responsible for paying the mortgage, taxes and insurance upon the Premises, yet does not derive any income therefrom." Affirmation in Support ¶ 18. The Affirmation in Support also states that "the Debtor's skeleton petition is a bad faith filing" and that "[a] warrant of eviction has

already issued thereby terminating any possessory interest the Debtor may have had in the Premises . . . ." Affirmation in Support ¶¶ 16, 21. The Affidavit in Support states that, among other things, the Movant's predecessor in interest, 153 Garfield Place, Inc. ("153 Garfield"), "elected to exercise its right to terminate Debtor's license and served Debtor with a Ten Day Notice to Quit on or about March 21, 2007." Affidavit in Support ¶ 4. The Affidavit in Support further states that "Aydenmaya Realty is responsible for mortgage and insurance payments as well as maintenance costs on the Premises, but [the] Debtor has been living there rent free." Affidavit in Support ¶ 12.

The record shows that on February 26, 2008, a hearing was held on the Stay Relief Motion at which the Debtor and counsel for the Movant appeared and were heard. Docket Entry dated February 26, 2008. On March 25, 2008, the Movant's attorney filed a Consent to Change Attorneys, dated March 17, 2008, which indicated that Tenenbaum & Berger, L.L.P. would replace Wenig, Saltiel & Green, L.L.P., and be substituted as the Movant's attorneys of record in this case. Docket No. 29. On April 1, 2008, a hearing was held on the Stay Relief Motion, at which the Debtor appeared and was heard, and the Movant did not appear. Docket Entry dated April 1, 2008. On April 29, 2008, a hearing was held on the Stay Relief Motion, at which counsel for the Movant appeared and was heard, the Debtor did not appear, and the Court granted the Stay Relief Motion. Docket Entry dated April 29, 2008.

Separately, the record shows that on March 14, 2008, the Chapter 13 Trustee (the "Trustee") moved to dismiss the case on grounds that the Debtor had not complied with Section 521(a)(1) of the Bankruptcy Code and Interim Bankruptcy Rule 1007(b)(1), the Debtor had not filed a Chapter 13 plan pursuant to Section 1321 of the Bankruptcy Code and Federal Rule of

Bankruptcy Procedure 3015(b), and the Debtor had not provided the Trustee with disclosure documentation as required by the Eastern District of New York Local Bankruptcy Rule 2003-1 (the "Motion to Dismiss").  Docket No. 26.  On February 27, 2008, the Court issued an Order to Show Cause why the Debtor's bankruptcy case should not be dismissed for failure to file the schedules and statements required by Section 521(a)(1) of the Bankruptcy Code and Interim Bankruptcy Rule 1007(b)(1) (the "February 27 Order to Show Cause").  Docket No. 25.

On April 28, 2008, a hearing was held on the Motion to Dismiss, at which the Debtor did not appear, and the Court granted the Motion to Dismiss and directed the Trustee to settle a proposed order of dismissal on 30 days' notice, which was served on the Debtor and the Movant, among others.  Docket Entry dated April 28, 2008.  On May 8, 2008, the Trustee filed a Notice of Settlement of Proposed Order Dismissing Case (the "Trustee's Settled Proposed Order").  Docket No. 34.  At the April 28, 2008, hearing, Steven Balamut ("Balamut") appeared and stated that he previously owned the Premises, that over a year ago, he allowed the Debtor to reside at the Premises on a temporary basis, that he subsequently asked the Debtor to leave, and that the Debtor refused to leave the Premises.  *See* Docket Entry dated April 28, 2008.  Balamut further stated that he has since sold the building, but that the Debtor continues to live at the Premises, without a lease or other basis for his occupancy, without paying for the use of the Premises, and without entering into any agreement to purchase the Premises. *Id.*

On April 29, 2008, a hearing was held on the February 27 Order to Show Cause at which the Movant appeared and was heard and the Debtor did not appear.  Docket Entry dated April 29, 2008.  As of that date, the Debtor had not cured the deficiencies noted in the record, including that the Debtor had not complied with Section 521(a)(1) of the Bankruptcy Code and

Interim Bankruptcy Rule 1007(b)(1), the Debtor had not filed a Chapter 13 plan pursuant to Section 1321 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 3015(b), and the Debtor had not provided the Trustee with disclosure documentation as required by the Eastern District of New York Local Bankruptcy Rule 2003-1, and on May 13, 2008, the Court issued a Final Order to Show Cause why the Debtor's bankruptcy case should not be dismissed for each of the deficiencies noted in the record (the "Final Order to Show Cause").  Docket No. 35.

The Brooklyn Center for Psychotherapy sent a letter dated April 24, 2008, to the Court on the Debtor's behalf.  Docket No. 36.  Jordan S. Yasgur, who is identified as a creditor in the Debtor's petition, sent a letter dated April 25, 2008, to the Court on the Debtor's behalf.  Docket No. 37.  *See* Petition, Verification of Creditor Matrix/List of Creditors; Docket No. 28 (Affidavit Pursuant to Local Rule 1009-1(a)).  The Debtor sent a letter dated April 28, 2008, to the Court.  Docket No. 38.  On May 13, 2008, the Court issued an Order directing the Clerk's Office to file the letters from the Brooklyn Center for Psychotherapy, Jordan S. Yasgur, and the Debtor under seal.  Final Order to Show Cause at 3.

## **DISCUSSION**

The filing of a bankruptcy petition under any chapter of the Bankruptcy Code triggers a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" and "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."  11 U.S.C. §§ 362(a)(3), (a)(6).

The automatic stay is a fundamental debtor protection designed to promote equal

treatment among creditors and to provide the debtor with a breathing spell from the financial pressures which drove the debtor into bankruptcy. *Eastern Refractories Co. v. Forty Eight Insulations Inc.,* 157 F.3d 169, 172 (2d Cir. 1998). Notwithstanding this statutory protection, the court may modify the automatic stay for cause, including lack of adequate protection. 11 U.S.C. § 362(d)(1). In order to lift the stay on this basis, the burden is on the movant to make an initial showing of cause. *Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Industries, Inc.)*, 907 F.2d 1280, 1285 (2d Cir. 1990). Where such a prima facie case has not been made, the court should deny relief. *In re Sonnax Industries, Inc.,* 907 F.2d at 1285.

*Grounds for Relief from the Automatic Stay – Section 362(d)(1)*

Section 362(d)(1) of the Bankruptcy Code provides that "on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . ." 11 U.S.C. § 362(d)(1). Section 362 of the Bankruptcy Code does not describe the boundaries of "adequate protection," but Section 361 provides examples of what may constitute adequate protection. 11 U.S.C. § 361. *See In re P.J. Clarke's Restaurant Corp.*, 265 B.R. 392, 404 (Bankr. S.D.N.Y. 2001). These examples include "periodic cash payments" to protect against any decrease in the value of a party's interest in property. 11 U.S.C. § 361(1). Several courts have held that "a Landlord's right to timely payment of post-petition rent is an interest in property entitled to adequate protection." *In re P.J. Clarke's Restaurant Corp.*, 265 B.R. at 404 (citing cases). *See Oligbo v. Louis (In re Oligbo)*, 328 B.R. 619, 651 (Bankr. E.D.N.Y. 2005).

Here, the record shows that the Debtor has not paid the Movant for his use and occupancy of the premises. Affirmation in Support ¶ 18; Affidavit in Support ¶ 12. The record

also shows that the Movant is incurring costs with respect to the Premises without receiving payments from the Debtor.  Affirmation in Support ¶ 18; Affidavit in Support ¶ 12.

For all of these reasons, and based on the entire record, the Court concludes that under Section 362(d)(1) of the Bankruptcy Code, the Movant's interest in the Premises is not adequately protected.  For the same reasons, the Movant has established cause for relief from the automatic stay.

*Grounds for Relief from the Automatic Stay – Section 362(d)(2)*

Section 362(d)(2) of the Bankruptcy Code provides that "on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . if – (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization . . . ."  11 U.S.C. § 362(d)(2).  Both elements of Section 362(d)(2) must be satisfied in order for the court to grant relief from the automatic stay.  *See Pegasus Agency, Inc. v. Grammatikakis (In re Pegasus Agency, Inc.)*, 101 F.3d 882, 886 (2d Cir. 1996); 3 COLLIER ON BANKRUPTCY ¶ 362.07[4] (15th ed. rev. 2007).

A debtor has no equity in a property where his license to occupy the property has terminated and he does not have any property interest.  *See In re Owens*, 30 B.R. 399, 403 (Bankr. S.D.N.Y. 1983) ("[A] debtor can have no equity in an expired lease nor can it be considered necessary to an effective reorganization.").  And the Supreme Court has held that property is only necessary to an effective reorganization where there is a "reasonable prospect for a successful rehabilitation within a reasonable time." *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 376 (1988) (quotation omitted).  The Supreme Court further stated that "[w]hat [Section 362(d)(2)(B)] requires is not merely a showing that if

there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization *that is in prospect.*" *Timbers*, 484 U.S. at 475-76 (emphasis in the original).

### *Whether the Debtor has equity in the premises*

Here, the record shows that the Debtor occupied the Premises pursuant to a license which was terminated no later than March 1, 2007, when 153 Garfield served the Debtor with a ten-day Notice to Quit. Affirmation in Support ¶ 6; Affidavit in Support ¶ 4; Stay Relief Motion, Exh. D (Civil Court Decision Denying Debtor's Motion to Vacate Judgment of Possession) at 4. 153 Garfield subsequently brought a holdover petition against the Debtor in the Civil Court of the City of New York, County of Kings, Housing Part, Index # 65562/07, which was noticed to be heard on April 17, 2008. Affirmation in Support ¶ 7; Affidavit in Support ¶ 5; Stay Relief Motion, Exh. B (Holdover Petition); Stay Relief Motion, Exh. D (Civil Court Decision Denying Debtor's Motion to Vacate Judgment of Possession) at 1. On May 3, 2007, the Civil Court entered a judgment of possession in favor of 153 Garfield, and on May 10, 2007, the Civil Court issued a Warrant of Eviction against the Debtor. Affirmation in Support ¶ 8; Affidavit in Support ¶ 6; Stay Relief Motion, Exh. C (Judgment of Possession, Warrant of Eviction); Stay Relief Motion, Exh. D (Civil Court Decision Denying Debtor's Motion to Vacate Judgment of Possession) at 1-2.

The record shows that the Movant purchased the Premises from 153 Garfield, and the Civil Court issued an order substituting the Movant as petitioner in the pending Civil Court proceedings against the Debtor and permitting the "pleadings [and] all other papers issued in this matter . . . to be amended nunc pro tunc." Affirmation in Support ¶ 10; Affidavit in Support ¶ 8;

Stay Relief Motion, Exh. A (Recording and Endorsement, Real Property Transfer Report, Customer Registration Form for Water and Sewer Billing) and Exh. E (Civil Court Order Granting Substitution of Party and Amending of Pleadings).

The record also shows that on June 1, 2007, the Civil Court denied the Debtor's application for an order to show cause seeking to vacate the judgment of possession "based on [the Debtor's] failure to demonstrate an excusable default or to set forth a defense." Stay Relief Motion, Exh. D (Civil Court Decision Denying Debtor's Motion to Vacate Judgment of Possession) at 2. *See* Affirmation in Support ¶ 9; Affidavit in Support ¶ 7. On June 20, 2007, with the assistance of counsel, the Debtor filed another order to show cause seeking to vacate the judgment of possession (the "June 20 Order to Show Cause"). Stay Relief Motion, Exh. D (Civil Court Decision Denying Debtor's Motion to Vacate Judgment of Possession) at 2. *See* Affirmation in Support ¶ 9; Affidavit in Support ¶ 7. On July 12, 2007, the Civil Court denied the June 20 Order to Show Cause, holding that the Debtor "has failed to make even a threshold showing demonstrating the existence of a meritorious defense. . . . Other than [the Debtor's] bald assertion, there are no other facts or evidence present in this record which tends to support the existence of any relationship of landlord and tenant between the parties." Stay Relief Motion, Exh. D (Civil Court Decision Denying Debtor's Motion to Vacate Judgment of Possession) at 2-3. *See* Affirmation in Support ¶ 9; Affidavit in Support ¶ 7.

The record shows that the Debtor filed additional motions in an apparent effort to forestall or prevent his eviction, including a guardianship motion, which the Civil Court considered. *See* Affirmation in Support ¶¶ 12-13; Affidavit in Support ¶¶ 9-10; Stay Relief Motion, Exh. F (Civil Court Motion Denying Debtor's Motion for the Appointment of a

Guardian Ad Litem) and Exh. G (Civil Court Order Granting Debtor's Withdrawal of Guardianship Motion). On September 11, 2007, the Civil Court issued an order in which it declared "all stays vacated" with respect to the Debtor's eviction. Stay Relief Motion, Exh. F (Civil Court Order Denying Debtor's Motion for the Appointment of a Guardian Ad Litem). *See* Affirmation in Support ¶ 12; Affidavit in Support ¶ 9. On November 2, 2007, the Civil Court issued an order that all "stays on the execution of the warrant of eviction are hereby lifted" and that the warrant of eviction may be executed on or after December 3, 2007. Stay Relief Motion, Exh. G (Civil Court Order Granting Debtor's Withdrawal of Guardianship Motion). *See* Affirmation in Support ¶ 13; Affidavit in Support ¶ 10. On December 7, 2007, the Debtor withdrew his guardianship motion, and the Court issued an order that all stays upon the Movant were lifted. Stay Relief Motion, Exh. G (Civil Court Order Granting Debtor's Withdrawal of Guardianship Motion). *See* Affirmation in Support ¶ 13; Affidavit in Support ¶ 10.

Taken as a whole, the record shows that as of the Petition Date, the Debtor's license to occupy the Premises had terminated. For these reasons, the Debtor has no equity in the Premises.

### *Whether the Premises are necessary for an effective reorganization "that is in prospect"*

Here, the record shows that the Debtor has not complied with many of the fundamental requirements of proceeding with a Chapter 13 bankruptcy case. At the outset, the Debtor has not filed Schedules A, B, D, E, F, I, or J, or a Statement of Financial Affairs or Statement of Monthly Income and Means Test Calculation, or the required pay statements received within 60 days of the Petition Date, which are among the most basic components of a bankruptcy petition. The failure to file these documents within 45 days of the date of the filing of the petition is

grounds for dismissal of the Debtor's bankruptcy case under Section 521(i) of the Bankruptcy Code. *See* 11 U.S.C. § 521(i); 1307(c)(1).

In addition, the Debtor also has not filed a Chapter 13 plan, or made any plan payments to the Chapter 13 Trustee, as required by Sections 1321 and 1326 of the Bankruptcy Code. *See* 11 U.S.C. §§ 1321, 1326. The failure to file a plan within 45 days of the date of the filing of the petition is similarly grounds for dismissal of the Debtor's bankruptcy case under Section 521(i) of the Bankruptcy Code. *See* 11 U.S.C. § 521(i); 1307(c)(3). And the failure to make plan payments is an additional grounds for dismissal. *See* 11 U.S.C. § 1307(c)(4).

Moreover, the Debtor has not provided the Trustee with disclosure documentation as required by Eastern District of New York Local Bankruptcy Rule 2003-1. Final Order to Show Cause; Motion to Dismiss; February 27 Order to Show Cause. This, too, is grounds for dismissal of his case. *See* 11 U.S.C. § 1307(c)(1).

Over four months have passed since the Petition Date, and the Debtor has not cured these deficiencies. In addition, the Debtor did not appear at hearings on the Motion to Dismiss and the February 27 Order to Show Cause that were held on April 28, 2008, and April 29, 2008. On April 28, 2008, the Court granted the Motion to Dismiss and directed the Trustee to settle an order on 30 days' notice, and the Trustee has settled a proposed order dismissing the Debtor's case. Docket Entry dated April 28, 2008; Trustee's Settled Proposed Order.

Taken as a whole, the record shows that the Debtor has not made progress toward a reorganization in this case, and the Debtor's effective reorganization is not in prospect. For these reasons, the Premises is not necessary to an effective reorganization.

For all of these reasons, and based on the entire record, the Court concludes that under

Section 362(d)(2) of the Bankruptcy Code, the Debtor has no equity in the Premises, and the Premises is not necessary to an effective reorganization. For the same reasons, the Movant has established additional grounds for relief from the automatic stay.

## CONCLUSION

Based on the entire record, after consideration of the submissions and the arguments of counsel and the parties, and for the reasons set forth herein, the Stay Relief Motion is granted. An order in accordance with this Memorandum Decision will be entered simultaneously herewith.

Dated: Brooklyn, NY
       May *16*, 2008

*S/Elizabeth S. Stong*_____
ELIZABETH S. STONG
UNITED STATES BANKRUPTCY JUDGE